**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **RICHARD EDWARD LASHER** | § | |
| | § | |
| **V.** | § | **A-17-CV-464 AWA** |
| | § | |
| **NANCY A. BERRYHILL,** | § | |
| **ACTING COMMISSIONER OF THE** | § | |
| **SOCIAL SECURITY ADMINISTRATION.** | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff's Brief (Dkt. No. 15); Defendant's Brief (Dkt. No. 16); and Plaintiff's Reply (Dkt No. 17). Also before the Court is the Social Security record filed in this case (Cited as "Tr.").

### **I. GENERAL BACKGROUND**

On January 26, 2015, Plaintiff Richard Edward Lasher filed his application for Disability Insurance Benefits alleging he became unable to work on May 31, 2014, due to cataracts, pain in lower back, constant dizziness, numbness in his feet, sleep apnea, and fatigue. After the Agency denied his application initially and again on reconsideration, Lasher requested an administrative hearing. Lasher's past relevant work included working as a service writer and appointment clerk. Lasher and his attorney attended an administrative hearing before Administrative Law Judge ("ALJ") Osley F. Deramus on August 18, 2016. On December 2, 2016, the ALJ issued a decision finding that Lasher was not disabled under the Act. The Appeals Council denied Lasher's request for review on March 29, 2017. Lasher has exhausted his administrative remedies and now seeks judicial review of the administrative proceedings under 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine if a claimant is able to engage in "substantial gainful activity" (and therefore if he is disabled) the Social Security Commissioner uses a five-step analysis:

1. a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;

2. a claimant will not be found to be disabled unless he has a "severe impairment";

3. a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors;

4. a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and

5. if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

20 C.F.R. § 404.1520; *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994). A finding of disability or no disability at any step is conclusive and terminates the analysis. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The claimant has the burden of proof for the first four steps; at step five, the burden initially shifts to the Commissioner to identify other work the applicant is capable of performing. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). Then, if the Commissioner "fulfills [his] burden of pointing out potential alternative employment, the burden . . . shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* (citation omitted).

Judicial review of the Commissioner's final decision under the Social Security Act, 42 U.S.C. § 405(g), is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner correctly applied the relevant legal standards. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). Substantial evidence is more than a scintilla of evidence but less than a preponderance—in other words, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). The Court considers four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Id.* at 174. However, the reviewing court may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner. *Greenspan*, 38 F.3d at 236. The Court may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the Court finds substantial evidence to support the decision, the Court must uphold the decision. *See Selders*, 914 F.2d at 617 ("If the . . . findings are supported by substantial evidence, they are conclusive and must be affirmed."); 42 U.S.C. § 405(g).

### III. THE ALJ's OPINION

The ALJ employed the regulations' five-step sequential evaluation process to determine whether Lasher was disabled. 20 C.F.R. § 404.1520(a). *See* Tr. 25–34. At step one, the ALJ determined that Lasher had not engaged in substantial gainful activity since the application date of May 31, 2014. At step two, the ALJ found that Lasher suffers from severe impairments of obesity, hypertension, diabetes, degenerative disc disease of the lumbar spine, and neuropathy of the bilateral

3

lower extremities. At step three, the ALJ found that, considered separately and in combination, Lasher's impairments did not meet or medically equal the severity criteria for any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, and thus his impairments were not presumptively disabling. Before proceeding to step four, the ALJ determined that Lasher had the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 4041567(a); except that he can occasionally stoop, crouch, crawl, kneel, and balance; occasionally climb stairs; cannot climb ladders; and must avoid heights and dangerous moving machinery.

Tr. 29. In making this RFC determination, the ALJ concluded that Lasher's statements concerning the intensity, persistence, and limiting effects of his symptoms were not fully credible. Tr. 30. At step four, relying on testimony from a Vocational Expert (VE), the ALJ found that Lasher could perform his past relevant work as an appointment clerk. Tr. 33–34. Accordingly, the ALJ determined that Rothblatt was not disabled as defined in the Social Security Act. Tr. 34.

## IV. ANALYSIS

Lasher appeals the Commissioner's decision, contending that the ALJ improperly gave little weight to his treating physician's opinion from January 2016. Lasher also argues that because the ALJ failed to credit *any* medical opinion, the RFC was based solely on an impermissible lay opinion. The ALJ gave Lasher's treating physician's opinion "little weight," stating:

> The record reflects that in 2015, the claimant was in no apparent distress and had a normal gait. . . . In early 2016, the claimant had some increase in symptoms; however, following his surgery in April 2016, the claimant had walked independently with a normal gait and had full strength. . . . Further, such restrictive limitations, including lifting no weight and standing no amount time, are not generally consistent with the claimant's activities of daily living, including shopping and living alone. For these reasons, this opinion is not generally consistent with the evidence as a whole, and is given little weight.

4

Tr. 33 (citations omitted). Similarly, the ALJ gave "little weight" to the state agency consultants, noting that the consultants found Lasher's impairments to be non-severe, but "[s]ubsequently submitted evidence supports that the claimant's impairments caused some limitations on his ability to work and the claimant ultimately underwent back surgery." Tr. 32. Accordingly, the ALJ gave "little weight" to all of the medical opinions in the record.

"[T]he determination of residual functional capacity is the sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012) (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). However, while an ALJ may weigh competing medical opinions, an ALJ "may not substitute her lay opinion for the uncontroverted medical opinion of the only physician who opined concerning the effects" of the claimaint's impairments. *Garcia v. Berryhill*, 2018 WL 1513688, at *2 (W.D. Tex. Mar. 27, 2018) (quoting *Brown v. Colvin*, 2015 WL 6501547, at *9 (N.D. Tex. Oct. 27, 2015)). Where, as here, "the ALJ rejects the only medical opinions of record, interprets the raw medical data, and imposes a different RFC, the ALJ has committed reversible error." *Garcia*, 2018 WL 1513688, at *2 (collecting cases).

The Commissioner points to *Fontenot v. Colvin*, 661 F. App'x 274, 277 (5th Cir. 2016), contending that the "Fifth Circuit has indicated that it is not that Court's intent to require the Commissioner to obtain the RFC finding directly from medical opinions, thereby nullifying the ALJ's role as fact-finder." Dkt. No. 16 at 9. In *Fontenot*, the court found that "[i]t is the responsibility of the ALJ to interpret the medical evidence to determine [a claimant's] capacity for work." 661 F. App'x at 277 (internal quotations omitted). However, in that case, "[t]he ALJ relied on reports and analysis from two consultative examiners and the review physician" and "adequately dealt with a dispute between physicians." *Id.* Here, the ALJ rejected the opinions of *all* the medical

5

personnel, instead substituting his own opinion based on his analysis of the medical records. In other words:

> Although the ALJ is afforded discretion when reviewing facts and evidence, he is not qualified to interpret raw medical data in functional terms; if an ALJ reaches conclusions as to a claimant's physical exertional capacity without a physician's assessment or in contradiction of a physician's medical assessment, then the decision is not supported by substantial evidence.

*Melvin v. Astrue*, 2010 LW 908495, at *4 (N.D. Miss. Mar. 9, 2010) (citing *Perez v. Sec'y of Health & Human Servs.*, 958 F.2d 445, 446 (1st Cir. 1991) and *Richardson v. Perales*, 402 U.S. 389, 408 (1991)).

"Procedural perfection in administrative proceedings is not required," and a court "will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). "Procedural errors in the disability determination process are considered prejudicial when they cast doubt onto the existence of substantial evidence in support of the ALJ's decision." *McNair v. Comm'r of Soc. Sec.*, 537 F. Supp. 2d 823, 828 (N.D. Tex. 2008) (citing *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). Here, the ALJ rejected the opinion of Dr. Laue and the state agency consultant's opinions. Thus, he cited no medical opinion in support of his RFC determination, relying solely on the raw medical evidence. Even "assuming without deciding that good cause existed to reject [Dr. Laue's] opinion, there remains no credited physician who opined otherwise. Rather, the ALJ rejected all opining physicians, credited no ascertainable portions of their opinions, cited raw medical data, and made judgments regarding [Lasher's] RFC" *See Garcia*, 2018 WL 1513688, at *3 (internal citations omitted). As such, the ALJ's RFC decision is not supported by substantial evidence.

Moreover, Lasher was prejudiced by this error. The ALJ rejected the opinion of his treating physician, Dr. Laue, who assigned significantly lower limitations than those found by the ALJ,

6

including: the necessity to elevate his legs for four hours out of the day, a sit/stand option, and an inability to lift any weight. Tr. 342–44; *see Garcia*, 2018 WL 1513688, at *3; *Boles v. Colvin*, 2016 WL 4257441, at * 10 (N.D. Tex. May 27, 2016 ) ("It is reversible error for an ALJ to substitute his own medical opinions for those of a treating physician."). Accordingly, the Court finds that Lasher was prejudiced by the ALJ's error.

## V. CONCLUSION

Based upon the foregoing, the undersigned **REVERSES** the final decision of the Commissioner, **REMANDS** this case back to the Commissioner for further action consistent with this opinion, and **ENTERS JUDGMENT** in favor of Lasher.

SIGNED this 21st day of September, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE